J. Andrew Coombs (CA SBN 123881)
*andy@coombspc.com*
Annie S. Wang (SBN 10792/CA SBN 243027)
*annie@coombspc.com*
J. Andrew Coombs, A Professional Corporation
517 East Wilson Avenue, Suite 202
Glendale, California  91206
Telephone:      (818) 500-3200
Facsimile:       (818) 500-3201

Designated Counsel:
Bryce K. Earl (SBN 7685)
*bearl@nevadafirm.com*
James D. Boyle (SBN 8384)
*jboyle@nevadafirm.com*
Kimberly J. Cooper (SBN 9533)
*kcooper@nevadafirm.com*
Santoro, Driggs, Walch, Kearney, Holley & Thompson
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:      (702) 791-0308
Facsimile:       (702) 791-1912

Attorneys for Plaintiff and Counter-Defendant
Adobe Systems Incorporated

Lisa A. Rasmussen (SBN 207026)
*lisa@lrasmussenlaw.com*
Law Office of Lisa Rasmussen
616 South 8th Street
Las Vegas, Nevada 89101
Telephone:     (702) 471-1436
Facsimile:      (702) 471-6540

Attorney for Defendants, Counter-Plaintiff
And Third Party Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Adobe Systems Incorporated,        )<br>                                                            )<br>              Plaintiff,                          )<br>     v.                                                )<br>                                                            )<br>Joshua Christenson, et al.,             )<br>                                                            )<br>              Defendants.                     )<br>                                                            )<br>  DEFENDANTS' CROSS COMPLAINT  )<br>                                                            )<br>                                                            )<br>    DEFENDANTS' THIRD PARTY      )<br>              COMPLAINT                      ) | Case No. 2:10-cv-00422-LRH-LRL<br><br>JOINT STIPULATION AND<br>[PROPOSED] PROTECTIVE ORDER |

Adobe v. Christenson, et al.: Proposed Protective Order          - 1 -

1. PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following stipulated protective order ("Stipulated Protective Order"). The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection this Stipulated Protective Order affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in section 10 below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 10-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including, without limitation, all of such party's officers, directors, employees, consultants, Experts, and Outside Counsel.

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: all items or information, regardless of the medium or manner generated, stored or maintained or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) and in accordance with this Agreement, including, without limitation, after Counsel first makes a good faith determination that protection is warranted as set forth more fully in section 5.1.

2.4 "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-

party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

      2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

      2.6    <u>Producing Party</u>: a Party or non-Party that produces Disclosure or Discovery Material in this action.

      2.7.    <u>Designating Party</u>: a Party or non-Party that designates any Disclosure or Discovery Material as "Confidential" or "Highly Confidential Attorneys' Eyes Only."

      2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

      2.9.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, but also including Scott Bain of the Software & Information Industry Association.

      2.10    <u>House Counsel</u>: attorneys who are employees of a Party.

      2.11    <u>Counsel:</u> (without qualifier): Outside Counsel and House Counsel, as well as employees and support staff retained by such Outside Counsel or House Counsel.

      2.12    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or a Party's Counsel to serve as an expert witness or as a consultant in this action, and who is not a past or a current employee of a Party or of a Party's competitor, and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes, without limitation, a professional jury or trial consultant retained in connection with this litigation.

      2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (including, without limitation: photocopying; videotaping; translating; preparing exhibits or demonstrations; and organizing, storing, retrieving data in any form or medium) and such persons' or entities' employees and subcontractors.

2.14     Source Code: computer source code and any annotations, comments, notes, or other documentation embodied within said source code, including, without limitation, code that is input to a compiler, assembler, interpreter, or other similar enabling software.

3.     SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

4.     DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order, and this Court's jurisdiction to enforce the terms of this Stipulated Protective Order, shall remain in effect until six (6) months after the final termination of this action, unless: (a) a Designating Party agrees to an earlier termination date in writing; or (b) a court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must first make a good faith determination that protection is warranted within the parameters of Rule 26(c) and take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of any Disclosure or Discovery Material that qualify so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (including, without limitation, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that any Disclosure or Discovery Material that such Designating Party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that such Designating Party is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Stipulated Protective Order (including, without limitation, as set forth in the second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, any Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the Disclosure or Discovery Material is disclosed or produced.  Designation in conformity with this Stipulated Protective Order requires:

(a)  for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-Party that makes original documents or materials available for inspection need not designate such documents or materials for protection until after the inspecting Party has indicated which documents or material such inspecting Party would like copied and produced. During the inspection and before the designation, all of the documents or material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents or materials such inspecting Party wants copied and produced, the Producing Party must determine which documents or materials, or portions thereof, qualify for protection under this Stipulated Protective Order, then, before

producing the specified documents or materials, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-Party offering, sponsoring or giving the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty (20) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as instructed by the Party or non-Party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Disclosure or Discovery Material is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY." If only portions of the Disclosure or Discovery Material warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether such protected portions qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.3  Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such Disclosure or Discovery Material. If any Disclosure or Discovery Material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the Disclosure or Discovery Material was initially produced, but within ninety (90) days of production, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the Disclosure or Discovery Material is treated in accordance with the provisions of this Stipulated Protective Order. Within five (5) days of receipt of the substitute copies of Disclosure or Discovery Material, the Receiving Party shall return the previously undesignated Disclosure or Discovery Material and all copies thereof.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis

for such challenging Party's belief that the confidentiality designation was not proper, must give the Designating Party an opportunity to review the designated Disclosure or Discovery Material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if such challenging Party has engaged in this meet and confer process first.

6.3   Judicial Intervention.   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7-2 (and in compliance with Civil Local Rule 10-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The Designating Party shall have ten (10) days from the filing of such motion to file a response to such motion that sets forth with specificity the justification for the confidentiality designation as given by the Designating Party in the meet and confer dialogue.  The challenging Party shall have ten (10) days from the filing of such response to file an opposition to such response.  The Designating Party shall have seven (7) days from the filing of such opposition to file a reply to such opposition.  Other than with respect to the time frames set forth in this paragraph, the challenge proceeding shall comply with Civil Local Rule 7-2.

The burden of persuasion, as well as the burden of proof to show that such protection is warranted, in any such challenge proceeding shall be on the Designating Party to show that such protection is warranted.  Until the court rules on the challenge, all Parties shall continue to afford the Protected Material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated CONFIDENTIAL only to:

(a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto and incorporated herein by this reference as Exhibit A;

(b)  the officers, directors, and employees (including, without limitation, House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the court and such court's personnel;

(e)  court reporters, such court reporters' staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during witnesses' depositions, such witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted pursuant to this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(a)(1) House Counsel not involved in competitive decision making for a Party.  Notwithstanding the foregoing, House Counsel shall not have access to Source Code designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".

(b) Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the court and such court's personnel;

(d) court reporters, such court reporters' staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the Disclosure or Discovery Material.

7.4 Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Experts

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an Expert any Disclosure or Discovery Material that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL Disclosure or Discovery Material that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7-2 (and in compliance with Civil Local Rule 10-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (including, without limitation, the extent and the content of the

meet and confer discussions) and sets forth the reasons advanced by the Designating Party for such Designating Party's refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5   Source Code/Hardware/Firmware Maintenance.  Any Party receiving Source Code, hardware and/or firmware designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall maintain no more than one embodiment of such Source Code, hardware and/or firmware (including, without limitation, that no Party may:  (a) copy, photograph, or otherwise reproduce any mask work or Source Code; and (b) access the Source Code on any computer connected to, or accessible through, a computer network), and shall maintain a log of the location of such Source Code, hardware and/or firmware and the person or persons having custody of such Source Code, hardware and/or firmware.  Upon final termination of this litigation, all Source Code, hardware and firmware designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be returned to Counsel for the Providing Party or other Party who produced the Source Code, hardware and/or firmware.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Disclosure or Discovery Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.  In addition, the Receiving

Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect such Designating Party's confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of such Designating Party's confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, such Receiving Party has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use such Receiving Party's best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

1.     Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 10-5. In addition, any Protected Material filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which the following shall be endorsed: (i) the caption of this Action, including the title and case number; (ii) the title of the document; (iii) the words "CONFIDENTIAL – Filed pursuant to Stipulated Protective Order" as an indication of the nature of the content; and (iv) a statement in substantially the following form:

"This envelope, containing documents which are filed in this case pursuant to a Stipulated Protective Order, is not to be opened or the contents thereof to be displayed or revealed except by Order of Court or consent of the parties in writing."

11.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes, without limitation, all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning such Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in section 4 (DURATION), above.

12.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Stipulated Protective Order abridges the right of any person to seek this Stipulated Protective Order's modification by the court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order no Party waives any right such Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated

Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Stipulated Protective Order.

**IT IS SO STIPULATED**:

DATED: September 29, 2010					J. Andrew Coombs, A Professional Corp.


							By:     /s/ Annie S. Wang
								J. Andrew Coombs
								Annie S. Wang
							Attorneys for Plaintiff and Counterdefendant Adobe Systems Incorporated


DATED: September 29, 2010					Law Office of Lisa Rasmussen


							By:     /s/ Lisa A. Rasmussen
								Lisa A. Rasmussen
							Attorney for Defendants Joshua Christenson, an individual and d/b/a www.softwaresurplus.com, and Software Surplus Inc.


IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED:     10-18-10

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on [date] _____ in the action entitled *Adobe Systems Incorporated v. Christenson, et al.*, Case No. Case No. 2:10-cv-00422-LRH-LRL.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date:   _____

City and State where sworn and signed: _____.


Printed name: _____
                 [printed name]


Signature: _____
              [signature]

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 30th of September, 2010, I caused the document entitled JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER to be served as follows:

| Attorneys of Record | Party Represented | Method of Service |
|---|---|---|
| Lisa A. Rasmussen<br>lisa@lrasmussenlaw.com<br>Law Office of Lisa Rasmussen<br>616 South 8th Street<br>Las Vegas, Nevada 89101 | Defendants, Counter Plaintiffs, and Third Party Plaintiffs Joshua Christenson, an individual and d/b/a www.softwaresurplus.com; Software Surplus Inc. | ☐ Personal Service<br>■ Email/E-File<br>☐ Fax Service<br>☐ Mail Service |
| Robert L. Langford, Esq.<br>Robert L. Langford & Associates<br>616 South 8th Street<br>Las Vegas, NV 89101 | Defendants, Counter Plaintiffs, and Third Party Plaintiffs Joshua Christenson, an individual and d/b/a www.softwaresurplus.com; Software Surplus Inc. | ☐ Personal Service<br>☐ Email/E-File<br>☐ Fax Service<br>■ Mail Service |

DATED this 30th day of September, 2010.

*/s/ Katrina Bartolome*
Katrina Bartolome